IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GBEKE M. AWALA,         :

    Plaintiff,

                              :

Vs.                     :    Civil No. 05-917-KAJ

                              :

U.S. Marshall Anderson, :

U.S. Marshall Keith[1]; :

BOP Staff- Ms Johnson et al. :

    Defendants.



MOTION FOR RECONSIDERATION     BP scanned

MOTION TO PROCEED IN FORMA PAUPERIS STATUS

NOW COMES, the plaintiff, Gbeke M. Awala, appearing in Pro Se status, and respectfully moves the Honorable District Court, for a reconsideration of its ruling dated January 20, 2006, denying the plaintiff the opportunity to proceed in forma pauperis in the captioned civil action.

In support thereof the palintiff states as follows:

(a) The court is aware that an exception is made to the "three strikes rule," when the litigant is in serious imminent danger of serious physical injury, therefore, some of the litigants cases dismissed as frivolous after the enactment of the PLRA (i.e., April 26, 1996) may not by bounding progeny be accounted against him, by denying the opportunity to proceed in pauper, the palintiff has submitted a case cognitive under Title 42 U.S.C. Section 1983 upon which a relief

may be granted, and this court have power and jurisdiction to grant any relief sought by the plaintiff.

(b) According to the Medical Records of the Salem County Correctional Facility and the Federal Bureau of Prisons, Philadelphia, the plaintiff received treatment on numereous parts of his human body, whether visible or invisible, medication where prescribed for treatment, and those medication cannot not be recommended if there was no imminent need for treatment upon which the plaintiffs health was in danger, as a result creates exception to the "three strikes rule," and any failure in part to have exhausted any administrative remedy, which would have been futile based on the opinion of the administrative department of the Bureau of Prisons, that the Agents are out-staff members, meaning not directly BOP Staffs, except for Ms. Johnson, who really did not participate in the commission of the assault but was responsible for the preparation of Federal inmate and transfer from the RnD.

(c) Plaintiff hereby directs the court that the parties upon certification of counsel, herein Pro Se, that after reasonable effort are unable to resolve the dispute, and after it is unequivocal that the court did not for the interest of Justice issue a service of Summon under Fed.R.Civ.P. 4(c)(2), which case laws teaches that by law service where to be made by the U.S. Marshalls, therein the court has not conform to the section and rule, so if there would be any resolution through any arbitration or other legal process, the court should kindly notify the plaintiff after obtaining such information from the defendant within 14 days, from the date the court receives this Motion and so grant the continuance without prejudice.

2.

(d) The court can reasonable agree with the plaintiff that irreducible constitutional minimum of standing requires that plaintiff have suffered an <u>injury in fact</u>, which is an invasion of a legally protected interest which is concrete and particularized and actual or imminent rather than conjectural or hypothetical; that there be a casual connection between the injury and conduct complained of so that the injury is faily traceable to the challenged action of the individual defendants.

Here, inter alia, <u>U.S. Marshall Anderson</u>, while in his functional approach and administrative capacity initiated a conduct that falls withing the "<u>gray area</u>," do not enjoy absolute and qualified immunity, with the harrasment, particularly acted in an "<u>oppressive</u>," manner no reason why he should use <u>excessive force</u> in the course of his confirmed function. Mr. Awala is currently experiencing clinical treatment.

Similarly, <u>U.S. Marshall Keith</u>, who left his Jurisdiction accrding to Ms. <u>Johnson's statement</u>, on January 20, 2006, after the plaintiff was transfered from Salem county Jail back to FDC Philadelphia, Agent Keith participated joined the other Agents, he was from the Disrict of New Jersey, since the duty of <u>Agent Andeson</u>, implicates his duty, it can also be characterrized as a state color functions, in his own individual conduct, "<u>sexually abused</u>," the plaintiff, by grabbing on his penis, leading to an unstable condition, which is a factual understanding that the plaintiff would loose strength then handcuffs was predicate immidiately on both legs and hands therefore, Plaintiff sufferred physical injury, the <u>Doctor</u>, here at this FDC conducted an evaluation directly fundling the plaintiffs <u>penis</u> and pain was traceable and as I stand here, when I bend I feel pain on my <u>ribbs</u>, and when I get

3.

hard on my penis, I feel pain, so Im still in pain, from the inside to the inside, during the trial proceedings I did not think I could have the legal capacity to conduct nor assist my legal counsel, neither even thought I could make a rational decisions regarding legal strategy, therefore, it is the plaintiffs opinion that he was not competent to stand trial and nor was he capable of testifying on his own defense.

Accordingly, the plaintiff remained in prison, the court had not considered to release him, the defendants administrative judicial acts was not protected by the Absolute immunity, qualified immunity or judicial immunity, it was a personal duty, undertaken in a judicial delegation and that duty implicates the Judges duty and responsibility to correct the defendants oppressive ministarial misconduct, they simply showed no love. The district court can give punitive damage. By this we no love, by the Consitution and then we have confidence in the Judicial authority by the spirit in which the court shall allow the case to leave to conclusion. Whomever deprives another his constitutionally protected rights  secured by the same and while acting under the color of federal law so practice unrighteousness as manifested over the health and safety of the plaintiff, just because he was detained in truthfulness of his statement that he was born in the United States of America and therefore an American Citizen and cannot be held guilty under an illegal reentry laws of the United States, because the defendants are much powerful and stronger than the plaintiff perharps more connection within judges, still does not justify invadious treatment repungnant to the intent and purpose of the U.S. Constitutional provisions.

Accordingly, the court should summon the defendants to confess there deeds without any lie but in truth and acknowledge there wrongs.

(I).   MEMORANDUM OF LAW

The Supreme Court has specified that in conducting immunity analysis pursuant to the foregoing common law principles and public policy considerations "immunity analysis rests on <u>functional categories</u>, not on the status of the defendant. <u>Briscoe v. LaHue</u>, 460 U.S. 325, (1983) at 342, 103 S.Ct. at 1119; see <u>Malley v. Briggs</u>,--U.S.--,--, 106 S.Ct. 1092, 1094, 89 LEd.2d 271(1986)(law enforcement officer who obtained a warrant based on allegations in affidavit found not to establish probable cause was not entitled to <u>absolute immunity</u>);

Here, On December 19, 2005, the Honorable Clerk/ Deputy Cler <u>Bob Cruikshank</u>, of the United States District Court, in light of Case Number <u>04-901-KAJ</u>, Scheduled for Pretrial Conference on December 21, 2005, before Honorable Judge Jordan, District of Delaware, in which, the plaintiff had already filed Motion named "ABUSE OF DISCRETION," IN CONFORMITY WITH A REQUEST FOR "MANDAMUS," TO PROTECT THE PLAINTIFF FROM BEIGN COMPELED TO APPEAR FOR PRETRIAL HEARING AND ANY TRIAL while waiting for his documentation and funds to hire a private investigator and inter alia Some essential Discoveries, nevertheless, the trial was scheduled for <u>January 17, 2006</u>, Prior to the Pretrial conference, A letter dated <u>December 19, 2005</u>, was sent to the plaintiff and the letter reads; <u>Enclosed please find a copy of Petitioner"s Abuse of Discretion Complaint," construed as a Petition for Writ of Mandamus which was "erroneously filed</u> **with the District court on December 15, 2005.** Signed by the Deputy clerk, <u>Bob Cruikshank</u>, at first I thought I didnt file the claim to the District court, it was originally filed to the 3rd Circuit Appeal Court, only a copy was served upon the District court has required pursuant to **Fed R.App. P. Rule 21(a)(1) A**

5.

party petitioning for a writ of mandamus or prohibition directed to a court must file a <u>petition with the circuit clerk</u> with the prrof of service on all parties to the proceedings in the trial court. The party must also provide a copy to the <u>trial-court</u> judge. Therefore, at that point I reasonably concluded that I was correct the clerk was wrong and after viewing the attached carbon copy that was sent to the <u>trial judge Jordan</u>, in compliance with the Rule above, I reasonably knew that the Original was not even sent to the District court, because it was sent to the Third Circuit court, which was the normal legal jurisdiction for that claim, therefore, why should the District court stated I erroneously filed with the District Court, I mean the Court knew that that copy was not the clean/origonal copy and the Motion was prepared <u>In the United States Court of Appeals</u>, obviously not to the District court, nevertheless, I thought I was been decieved, anyway, another mind says, wait for an answer from the Appeal Court, therefore, I trusted the Court of Appeals, believing that the court would have stoped the lower court until the court ruled on the **MANDAMUS PETITION**, nothwithstanding, then on <u>December 21, 2005, "No One Called Me For Court," although I was packed in the morning thinking I was going to explain the situation to Agents</u>, nevertheless, the Agent failed to show up and on December 22, 2005, the punishment was laid, therefore everything began to secretly laid on me. Emphases added that the arresting Agent lacks Jurisdiction in addition to the pending <u>Habeaus Corpus</u> which the Jurisdiction was retained by the third Circuit, nothwithstanding, even if the Defendants had all and all lawful reasonable cause arresting me to court, it was made or done unconstitutionally.

2/6/06

6.

Gbeke M. Awala
No. 82074-054

# EXHIBIT B

```
FDC PHILADELPHIA PHARMACY    (215) 521-4000
700 ARCH STREET - PHILADELPHIA, PA  19106
  86432      T. FAUSTO              02/06/06
AWALA, GBEKE                     82074-054
FDC PHILADELPHIA HOUSING - F03-617U
TAKE ONE TABLET TWICE DAILY FOR 10
DAYS                                    NO
REFILLS AUTHORIZED.


NAPROXEN 375 MG TAB                    #20
(0)Refills    02/06/2006   PNS   RxExp 02/17/06
   CAUTION: Federal/State law prohibits transfer of this drug
   to any person other than patient for whom prescribed.
```

(7)

In Mitchell v. Forsyth, — U.S. —, 105 S.Ct. 2806, 2813, 86 L.Ed.2d 411 (1985) (U.S. Attorney General not absolutely Immune for unconstitutional Conduct in pursuit of his national Security functions).

In Cleavinger v. Saxner, — U.S. —, 106 S.Ct. 496, 501-04, 88 L.Ed.2d 507 (1985). (Prison disciplinary Committee members not entitled to absolute Immunity).

In other words, the Critical Inquiry is how closely related is the prosecutor's challenged activity to his role as on advocate Intimately associated with the Judicial phase of the Criminal process. In Imbler, 424 U.S at 424, 96 S.Ct. at 992. The Supreme Court left standing appellate cases which did not extend absolute Immunity to administrative or Investigative acts of prosecutors. at 430, 96 S.Ct. at 994 (citing Guerro v. Mulhearn, 498 F.2d 1249 (1st Cir. 1974). Therefore, without the harassment, Cannot the Agent perform
 functions — I am Injured.
2/6/06.

(8)

EXHIBIT C

(8)

Accordingly, In U.S. v. Weston 960 F.2d. 212 (1st Cir. 1992). (whoever knowingly engages in any conduct and thereby causes bodily Injury to another person, or threatens to do so, with Intent to retaliate against any person) (whoever knowingly uses Intimidation or physical force, threatens, or Comptly persuades another person, or attempts to do so) Shall be punishable as prescribed ...... with intent to —

(1) Influence, delay, or prevent the testimony of any person in an official proceeding. See: 18 USC Sec. 1513(a) (1988) and 18 USC Sec. 1512(b) (1988).

Here, Awala complains of various conduct that seriously affect the threshold of the Trial and the outcome, Your honor, the same Officer was standing by your Exit door out may be to your chambers and Smiling beyond normal that's prejudice result. Officer Anderson.

A. 2/6/06.

**U.S. DEPARTMENT OF JUSTICE**  **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **GBEKE MICHAEL AWALA**   82074-054   FEDERAL DETENTION CENTER  6S  PHILADELPHIA
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A – INMATE REQUEST**   WITH THE AIDING AND ABETTING BY BOP STAFF....

On December 22, 2005, U.S. Marshalls Anderson and Keith of both the District of Delaware and New Jersey Federal District Court, used force to seize me, all because I was to appear before the Honorable District court, for a Pretrial-Conference, presided by Hon. Judge Kent A Jordan, now the Hearing was cancelled from December 21, 2005, and prior to that I was on Interlocutory Appeal, to which the 3rd Circuit Court, had full jurisdiction of the Appeal, and supported with a letter I recieved from the Delaware district court, that I construed as a MANDAMUS, now even if the Agents had authority to compel me to appear to the writ, however, they have no right to use force, torture, handcuffed me tight like a nut, drag me with bear handcuffs, I screamed and yelled My, Mother, untill foams came out of my mouth thats, when they held up a bit, prior to that the tall Agent Anderson, used his long legs and knees to rest on my right ear flat and used finger to push tight my face, leaving me with a fractured eye socket, causing severe damage and injury and brutally treated in violation of my Eight Amend against cruel and unusual treatmen
1/25/06  — I was treated at Salem County Jail"
DATE                                                              SIGNATURE OF REQUESTER

**Part B – RESPONSE**



RECEIVED  FEB - 1 2006  LEGAL DEPARTMENT  FDC PHILADELPHIA

DATE                                               WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                           CASE NUMBER: 402241-F1

                                                     CASE NUMBER: _____

**Part C – RECEIPT**
Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

## AWALA NEED NOT EXHAUST ADMINISTRATIVE REMEDY:

In Preiser v. Rodriquez, 411 US 475 (1973) (quoting: Monroe v. Pape, 365 US 167 (1961)(The question is of considerable practical importance, For if a remedy under the Civil Rights Act is available, a Plaintiff need not First seek redress in a State Forum), at 443.

Here, The chances of Success on Administrative sector is therefore on the threshold of how heavy said strucking, however, since the Agents were classified outside and stood according to the Policy under the U.S. Marshalls, the major damages to my chest + Ribbs was by the outside BOP's plight, therefore, no need to exhaust BOP's Administrative Remedies.

2/6/06

## All Transactions

🖨 PRINT

| Inmate Reg #: | 82074054 | Current Institution: | Philadelphia FDC |
|---|---|---|---|
| Inmate Name: | AWALA, GBEKE | Housing Unit: | 6 SOUTH |
| Report Date: | 01/31/2006 | Living Quarters: | F04-642U |
| Report Time: | 11:01:01 AM | | |

| Date/Time | User Id | Transaction Type | Amount | Ref# | Payment# | Balance |
|---|---|---|---|---|---|---|
| 10/15/2005 5:56:00 AM | AMSERVICE | Debt Encumbrance | ($2.00) | 5PHLD666 - 63 | | |
| 10/15/2005 5:56:00 AM | AMSERVICE | Debt Encumbrance | ($0.60) | 5PHLD661 - 62 | | |
| 10/15/2005 5:56:00 AM | AMSERVICE | Debt Encumbrance | ($1.00) | 5PHLD646 - 61 | | |
| 10/15/2005 5:56:00 AM | AMSERVICE | Debt Encumbrance | ($3.50) | 5PHLD542 - 60 | | |
| 10/15/2005 5:56:00 AM | AMSERVICE | Debt Encumbrance | ($3.00) | 5PHLD532 - 59 | | |
| 10/15/2005 5:56:00 AM | AMSERVICE | Debt Encumbrance | ($2.00) | 5PHLD497 - 58 | | |
| 10/15/2005 5:56:00 AM | AMSERVICE | Debt Encumbrance | ($5.00) | 6PHLD712 - 57 | | |
| 10/15/2005 5:56:00 AM | AMSERVICE | Debt Encumbrance | ($5.00) | 6PHLD711 - 56 | | |
| 10/15/2005 5:56:00 AM | AMSERVICE | Lockbox - CD | $25.00 | 70143301 | | $25.00 |
| 10/14/2005 8:17:05 AM | PHL9059 | Sales | $0.00 | 23 | | $0.00 |
| 10/7/2005 9:42:10 AM | PHL1592 | Sales | $0.00 | 87 | | $0.00 |
| 8/16/2005 6:27:25 AM | SENTRY | Transfer - In from TRUFACS | $0.00 | TX081605 | | $0.00 |
| 7/6/2005 4:46:29 AM | SENTRY | Transfer - Out to TRUFACS | $0.00 | TX070605 | | $0.00 |
| 6/3/2005 4:34:52 AM | SENTRY | Transfer - In from TRUFACS | $0.00 | TX060305 | | $0.00 |

1 2

" Cant eat propeny ".

(10)

In Christiansen v. Clarke, 147 F.3d 655. an Inmate appealed a district Court's dismissal, without leave to amend, of his IFP complaint. He alleged that Sec. 1915(e)(2)(B)(ii) is unConstitutional because it allows the district Court to dismiss the claim of an Indigent prisoner plaintiff for failure to state a claim before service of process and without leave to amend.

Here, your honor the Court here have discretion to grant or deny permission I have a "Three Strikes" preclusion, but because my case or this case Involves the Issue of chest pain, private part pain and Sometimes kuffing and at one point at Salem Bleed by Ball Movement, I know the Court dont believe anything I say, but they stomp and kick stuck and thats what happened Cones Injury. Therefore, your honor, permitt it to proceed.

2/6/06.

Gbeke M. Awala
No. 82074-054
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105.



The Honorable Kent A. Jordan
U.S. District Court
844 King Street
Wilmington, DE 19801.