IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE MICHAEL AWALA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 05-917-KAJ |
| ) | |
| U.S. MARSHAL ANDERSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

### I.   INTRODUCTION

Plaintiff Gbeke Michael Awala ("Awala"), is a *pro se* litigant who is currently incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania. At the time he filed his complaint (D.I. 1), Awala was incarcerated at the Salem County Correctional Facility in Woodstown, New Jersey. Awala filed this action pursuant to 42 U.S.C. § 1983 and was denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 because in the past he has filed at least three actions that were dismissed as frivolous, malicious, or for failure to state a claim. (D.I. 2.) On January 20, 2006, he was ordered to pay the $250 filing fee within thirty days or the complaint would be dismissed. *Id.* Rather than pay the filing fee, Awala moves for reconsideration of the "three strikes" order and also moves for summary judgment. (D.I. 3, 4.)

### II.   STANDARD OF REVIEW

The standard for obtaining relief under Rule 59(e) is difficult for Awala to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows:

(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D. Pa.1993).  Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D.Del.1990).  Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA,* 735 F.Supp. at 1241 (D.Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

### III.     DISCUSSION

Awala brings an excessive force claim against the defendants.  The alleged excessive force occurred on December 22, 2005, when Awala was transported from the Salem County Correctional Facility in Woodstown, New Jersey to the U.S. District Court in Wilmington, Delaware.  Awala is now housed at the Federal Detention Center in Philadelphia, Pennsylvania.  Awala argues that he should be permitted to proceed *in forma pauperis* because he is in "imminent danger of serious physical injury."  He argues that according to medical records he "received treatment on numerous parts of

his human body, whether visible or invisible, medication where prescribed for treatment, and those medication cannot be recommended if there was no imminent need for treatment upon which the plaintiffs health was in danger." (D.I. 3, para. (b).) Awala argues that the foregoing creates an exception to the "three strikes" rule, and as a result he should be allowed to proceed in forma pauperis.

A plaintiff may not file another civil action in forma pauperis while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). This means that "imminent danger" is measured at the time the complaint is filed, not at the time of the alleged incident. Abdul-Akbar v. McKelvie, 239 F.3d at 311.

Awala does not argue there was an intervening change in the controlling law or the availability of new evidence that was not available when I issued my order. Rather, he appears to argue there is a need to correct a clear error of law or fact. The alleged excessive force occurred on December 22, 2005, when Awala was being transferred from one facility to another and then returned to the Salem County Correctional Facility in Woodstown, New Jersey. Awala filed his complaint on December 23, 2005. The allegations in the complaint do not indicate that Awala was in "imminent danger" at the time he filed the complaint. Indeed, the alleged "imminent danger" occurred during the December 22, 2005, transport, not on December 23, 2005, when the complaint was filed.

Awala simply does not agree with the order I entered on January 20, 2006. The law has not changed and there is no new evidence. Most important, after reviewing the complaint and Awala's pending motion, I find there is no need to correct a clear error of

3

law or fact or to prevent manifest injustice. Indeed, I took great care to review the allegations in the complaint. Awala has not demonstrated any of the grounds necessary to warrant reconsideration, and therefore, his motion will be denied.

### IV. MOTION FOR SUMMARY JUDGMENT

Awala also filed a motion for summary judgment. (D.I. 4.) The motion is frivolous and does not merit comment or consideration by the Court. Therefore, I will deny the motion.

### V. CONCLUSION

IT IS HEREBY ORDERED that:

1. The motion for reconsideration (D.I. 3) is DENIED.

2. The motion for summary judgment (D.I. 4) is DENIED.

3. Awala is given an additional thirty (30) days from the date of this order to pay the $250.00 filing fee. If he does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE

March 16, 2006
Wilmington, Delaware

4