IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GBEKE MICHAEL AWALA,                          :
No. 82074-054
Federal detention Center                      :
P.O. Box 562
Philadelphia, PA 19105                        :

       Plaintiff,                         :

                         :

     vs.                                     :     CIVIL ACTION NO.:05-917-KAJ
                         :

U.S. MARSHAL ANDERSON                          :
of the United States District
Court, for the District                       :
of Delaware, in his individual
capacity,                                     :
Wilmington, DE 19801
                         :

     and                                     :

U.S. MARSHAL KEIT,                            :
of the United States District Court
for the Camden District,                      :
New Jersy, in his individual
capacity,                                     :
Camden, NJ
                         :

     and                                     :

U.S. MARSHAL JANE DOES 1-2, in their :
individual capacities,
c/o U.S. MARSHAL                              :
844 N. KING ST,
Lockbox 18                                    :
Wilmington, DE 19801
                         :

BOP STAFF, MS. JOHNSON                        :
in their official and individual
capacity,                                     :
c/o FDC Philadelphia
700 Arch Street                               :
Philadelphia, PA 19105
                         :

      Defendants.             x



FILED

APR 20 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
RO scanned

## COMPLAINT AND JURY DEMAND

Gbeke Michael Awalà brings this Complaint by and through Pro Se and alleges as follows:

### PRELIMINARY STATEMENT

1.   At all times relevant hereto, Plaintiff was housed at the Federal Detention Center in Philadelphia, Pennsylvania, but was dwelling at this facility when he was exposed to an excessive force and physical abuse, manded on him by the Defendants.   On December 22, 2005, when Plaintiff was ordered to be brought to the United States District Court, before the Honorable Kent A. Jordan, when the Defendants lay hold of him descended on him as like a thunder thrown's punches at him and stomps kicks him while laying on the floor; Plaintiff did not touch the Defendants, they stood on him with their knees broke his ribs and deliberately planned to kill him abducts him punished him misuses his name; strikes his right eye kept his whole body under foot wounded him severely with common knowledge laid hands on him; molested him in his private part held his neck tight on the ground and while one knelt on his four head until he was rendered completely helpless tortured limb by limb, cruel and brutaly and he cried; whereas one was questioning him you are on appeal right; you are American right torturing him until his tongue cut out foams and scream²smother, mother and one encouraged others to drag him with boldly pattern with bear chains on his skin and sat him on a screening chair, and almost immediately the lady marshal assist and drag Plaintiff with excessive grip in handcuffs in pain unto the Van and Plaintiff was brought from Philadelphia to Delaware, Wilmington and placed in holding cell at the United States District Court for the District of Delaware.   Thereafter after showing the supervisor the wounds he denied him medical attention.

2.

1.      promising him medical assistance, nevertheless he was able to
        endure his pain briefly then with arrogance other Marshals drove
        him to the Salem County Jail, in Woodstown New Jersey.

Plaintiff alleges that the force was organised for one day prior to
the incident his criminal proceeding was twice cancelled in advance
and the news reached him while in FDC Philadelphia. Defendant displayed
a sufficient account of monstrous tortures, despite plaintiff surrendered
his body and brought to trial in affliction at this Plaintiff was unable
to eat properly for weeks handful of pains, pains from the shekelsdand
all blòod around his rist bruces over his faces until it went away they
then brought him to court; while boiling in pain; Plaintiff was in sickness
tried and convicted on or around January 18, 2006 in the United States
District Court for the District of Delaware; the presiding authorities
sided with majority to pervert the course of justice; Plaintiff having no
choice fell under their loads and fatally was mis-treated partially treated
he was innocent, he his American but the Court blinded the clear-sighted
and ruin the ability of the Plaintiff to present its own evidence.

2.      Plaintiff brings this Civil Rights action against the Defendants
        to redress the deprivation, under the color of Federal law, of
        rights, privileges and immunities secured to him by provisions
        of the Fourth, Fifth, Eight, Ninth and Fourteenth  Amendments to
        the United States Constitution, and 42 U.S.C. Section 1981, 1982, 19
        1983 and 1985.

3.      Plaintiff also alleges that the Defendans unlawfully deprived him
        of his rights under the Bivens v. Six Unknown Named Agents of Fede-
        ral Bureau of Narcotics, 403 U.S. 388, 389 (1971).

4.      Plaintiff reserves the right to amend this complaint as soon as

                                    3.

Plaintiff receives a letter from the court to this effect.

5.      Plaintiff alleges that he was a victim of agents brutality, and claims the defendants are law enforcement officers have used excessive force and physical abuse in the course of an transfer from one district unto another, and are to be judged under the Fourth Amendment and its reasonableness standard, rather subst- antive due process, because the underlying intent or motive are relevant to the questions whether the officers actions are objectively reasonable in light that the circumstances confronting them and facts claimed herein as exccessive force and physical abuse during the course of unreasonable seizure of plaintiff.

6.      plaintiff alleges further that the above-mentioned excessive force and physical abuse, which was a practice of the U.S. Marshal of the U.S. District Court in Delaware and Camden New Jersey and/or many of its Marshals in their individual and official capacities at the time of his seizure and was part of a "split- second judgments" program run by the U.S. Marshals in their individual capacities.

7.      Plaintiff further alleges that the seizure and/or policies and/or practices of Defendants were knowing, deliberate and intentional, in disregard for the health and wellbeign of Plaintiff and due to that seizure, execcessive force, Plaintiff has suffered permanent injury, and caused a cervical disk betw- een two cervical vertebrae to impinge upon a nerve. Although the porescbrided medication, and therapy will help, the Health Admin- istration after some key medical evaluation secretedly informed the plaintiff that the condition may not entirely disappear.

8.      Plaintiff alleges further that the above-mentioned excessive

8.      force and physical abuse and/or policies and/or practices of
        Defendants were knowing, deliberately and intentional; in dis-
        regard for the health and wellbeign of Plaintiff and due to
        that excessive force and physical abuse, Plaintiff was únlaw-
        fully caused to have his subsequent federal criminal proceedings
        survived him based on his impaired health undergoing inadequate
        treatment and thereby unfully prepaired for trial ahd was under
        great pain from the defendants "gratuitously violent shove" he
        allegedly received.

9.      Plaintiff alleges that the Philadelphia, Pennsylvania, seizure,
        excessive force and physical abuse caused him to be unconstitutionally
        convicted, maliciously prosecuted and unreasonably detained in a
        County Jail with inadequate medical provisions, he would have at
        least received a better treatment somewhere else before been forced
        to trail of his criminal case and convicted due to excessive force
        claim that seriously undermined his health and wellbeign and amounted
        to inadequate preparation for pretrial conference and trial., impeded
        his pretrial discovery with a number and defendants all had a hand in
        the allegedly violent shove:on his body.

10.     Plaintiff further alleges that such acts, policies and  practices are
        shocking to the conscience of civilized persons and intolerably in
        a society purportedly governed by laws and considerations of Human
        rights, civil rights, and due process rights.

11.

                                JURISDICTION

11.     This Court's jurisdiction is invoked pursuant to 28 U.S. SEctions
        1331, 1332(a)(1), 1343(a)(3) and (4), 2201 and  2202. The substan-
        tive Federal claims in this action arise out of 42 U.S.C. Sections
        42 U.S.C. SEctions 1981, 1982, 1983 and 1985, the Fourth, fifth,

                                    5.

11.     Eight, Ninth and Fourteenth Amendments of the United States
        Constitution.  In addition, Plaintiff asserts claims under
        Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics
        (cited supra).

## PROCEDURAL HISTORY

12.     Awala filed this action on December 23, 2005, at the time he
        filed the complaint(D.I.1), Plaintiff(Awala) was incarcerated at
        the Salem County Correctional Facility in Woodstown, New Jersy.
        Plaintiff filed this action pursuant to 42 U.S.C. Section 1983
        and was denied leave to proceed in forma pauperis pursuant to 28
        U.S.C. Section 1915 because Plaintiff in the past has filed at
        least three actions that were dismissed as frivolous, malicious,
        or failure to state a claim. (D.I. 2). On january 20, 2006, Plaintiff
        was ordered to pay the $250.00 filing fee within 30days, and as
        the Plaintiff demonstrated he was indigent and cannot afford the
        $250.00 and subsequently filed a Motion for reconsideration of the
        "three strikes" order and moves for summary judgment. (D.I. 3, 4).
        On or around March 16, 2006, the court issued an order denying the
        Plaintiff's motion for reconsideration, denied motion for summary
        judgment and was given another 30 days to pay the $250.00 filing fee.
        if the plaintiff does not pay the filing fee within that time, the
        complaint shall be dismissed pursuant to 28 U.S.C. Section 1915(g).
        In the Court's opinion, a part from the plaintiff's argument that a
        finding is clearly erroneous, plaintiff also presents the district
        court  has patently misunderstood the plaintiff, however, reargument
        should be favored, particularly, where the court erroneously alleged
        that the excessive force occurred on December 22, 2005, when plaintiff
        was transported from the Salem County Correctional Facility in Woods-

6.

town, New Jersey to the U.S. District Court in Wilmington, Delaware.
Plaintiff was housed at the Federal Detention Center, Philadelphia,
which venue was the original place of the excessive force and physical
abuse caused by the defendant, and subsequently, plaintiff was drag
into the van and headed to wilmington De. Plaintiff argues that he
should be allowed to proceed in forma pauperis, although, the court
had disagree with Plaintiffs theory of "imminent danger" of serious
physical injury (D.I. 3, para. (b). Plaintiff herein argues that
the following creates exception to the "three strikes" rule, and as
a result he should be allowed to proceed in forma pauperis.

In Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997)(interpreting 28
U.S.C. Section 1915(g). Under this statute, popularly known as the
"three strikes" rule, a prisoner may not file a new action or appeal
in forma pauperis ("I.F.P") if, on three or more prior occasions
while incarcerated or detained, the prisoner has brought a federal
action or appeal that was dismissed on the grounds that it was frivol-
ous, malicious or fails to state a claim, unless the prisoner "is
under imminent danger of serious physical injury." Abdul -Akbar v
McKelvie, 239 F.3d 307, at 310 n. 27(quoting Gibbs), furthermore,
"We held in Gibbs that "imminent danger is measured at the time of
the alleged incident, not at the time the complaint is filed. at
116 F.3d at 86.

In the instant case the Court ordered that the plaintiff in not
qualified for this exception because, the allegation in his complaint
do not indicate that he was in "imminent danger" at the time he
filed the complaint. Furthermore, the imminent danger occured during
the December 22, 2005, transport, not on December 23, 2005, when the
complaint was filed. Nevertheless, the plaintiff would have been

7.

able to benefit from the well pleaded Gibbs, holding contrary to
Abdul-Akbar, and since the Gibbs court took into consideration
all sisters court of appeals rejection against the teachings in
Gibbs, holding instead that the court should assess "imminent
danger" as of the time the prisoner's complaint is filed and that
a prisoner's allegation that he faced danger in the past is suffi-
cient to allow him to proceed I.F.P. quoting Medberry v. Butler,
185 F.3d 1189, 1193 (11th Cir. 1999).  Therefore, those courts aban-
doned the interpretation set forth in Gibbs and adopted the now used
Abdul-Akbar, and held that that interpretation under the Section
1915(g) is constitutional.

In the instant case: the Plaintiff offer that the Defendants here
have committed inadvertently against his health and wellbeign a
criminal act, whether as reference to "mifest injustice," or simply
from the factual error initialy misunderstood assertion, it all re-
mains under the Discretionary Judgment of the court in the in the
instant case. The Defendant have incured guilt by doing something
forbidden. Thus, this case requires the court to decide when the
existence of "imminent danger" is to be assesed: specifically, whe-
ther it is assessed as of the time the complaint is filed, or at
some time in the past.  Because since the danger still exists here
the court should liberraly construed the interpretation in favor
the palintiff by permitting him to proceed under govern exception
without paying the $250.00, filing fees, and as result reconsider
the in forma pauperis claim and permit Awala to proceed to Trial of
the matter.

     Taking into account the particular circumstances confronting the
defendants, Anderson, Keit and Johnson et al, officers, could a rea-
sonable officer, identically situated, have believed the force employe

8.

12.   was lawful? See <u>Roy v. Inhabitants of City of Lewiston</u>, 42 F.3d
      691, 695 (CA1 1994); <u>Rowland v. PerryS, 41 F.3d 167, 173 (CA4</u>
      <u>1994</u>). Nothing more and nothing else need be answered in this case.

### PARTIES

13.   Plaintiff, Gbeke Michael Awala, is an individual who currently
      resides at the Federal Detention Center, P.O. Box 562, Philadelphia,
      Pennsylvania 19105, as an inmate for a conviction on federal charges
      in Delaware awaiting a sentencing hearing. The defendants wrong-doing
      gave birth to his weak defense and appear before the trial an empty
      handed and the conviction has not been vacated nor was he permitted
      to proceed in his lawsuit. Although the Plaintiff was ultimately
      unsuccessful in the criminal case, he was able to present some evi-
      dence favorable to him that Gbverngrt had failed to disclose before
      or during trial number of Brady documents. The undisclosed evidence
      did create a reasonable probability of a different result, in light
      of, among other factors, the massive core of seized evidentiary doc-
      uments which the Plaintiff could have presented to the jury that he
      was not to be found guilty of the underlying charges.. Nevertheless,
      Heck v. Humphrey, 129 L Ed 2d 383(1994)(Damages caused by acts if pr
      proven wuld render his conviction invalid). Here, it is reasonably
      ---understtod that the Heck theory, was cast in aspirational terms
      and appeared to be nothing more than a precatory statement of purpose
      that imposed no substantive restrictions on the Plaintiff's Awala!s
      ability to redress this contentions based on its merit, this case is
      entitled to a reasonable construction to controlling weight under
      this circumstances, there can be no substahtive restriction, the
      defendant used "split of second force," on the Plaintiff it turns out
      wrong and without doubling the objective reasonablness inquiry,

                                    9.

13.   Awala's submissions are heavy to put the Defendants to Trial.

14.   While not named defendants herein, the United States Marshal and
      the Bureau of Prison, are: Federal Agencies organized and existing
      under the laws of the United States, having its headquarters in
      Washington, D.C.

15.   At all times relevant herein, the individual defendants were agents,
      servants, workemen and/or   employees of the U.S. Marshal, and BOP,
      acting as individuals under the authority and color of State law so
      as to appear to be acting within the course of their agency and/or
      employment with the above-mentioned authorities, Defendants used their
      positions, the force of their authority and under color of Federal Law
      deprived Plaintiff of his civil rights out of 42 U.S.C. Sections 1981,
      1982, 1983 and 1985, the Fourth, Fifth, Eight, Ninth, and Fourteent
      Amendments of the United States Constitution, under the Bivens Theory.

16.   Defendant, U.S. Marshal Anderson, is sued in his individual capacity
      as a U.S. Marshal, of the District of Delaware. Said Defendant maint-
      ained an Office at Wilmington, Delaware, his cutrrent whereabouts beign
      unknown to Plaintiff. At all times relevant hereto, Defendant, Anderson,
      in his individual capacity, acting within the scope and authority of his
      position as Marshal directly responsible for the practices and procedure
      of the U.S. Marshal, including the policies, practices and procedures
      used on Plaintiff, Gbeke M. Awala, as more particularly described here-
      after.   Said Defendant directly participated in the perpetuation of the
      illegal practices of racial profiling, misused the Plaintiff's name,
      contending him Alien, used excessive force and physically abused him
      malicious prosecution.

10.

17.   Defendant, U.S. Marshall Keit is sued in his individual capacity
as U.S. Marshal Agent. Said Defendant maintained an office in
Camden, New Jersey, his current whereabouts beign unknown to
Plaintiff. At all times relevant hereto, Defendant, Keit, in his
individual capacity, acting within the scope and authority of his
position as U.S. Marshal was directly responsible for the practices
and procedures of the U.S. Marshal, including the policies, practi-
ces and procedures used on Plaintiff, Gbeke M. Awala, as more partic-
ularly described hereafter.  Said defendant directly participated in
the perpetuation of the illegal practices of racial profiling,
misused the Plaintiff name, contending him Alien, used excessive force
particularly instructed others to drag him with bear handcuffs, and
sextually abused plaintiff, physically abused him and caused him to
be unconstitutionally convicted.

18.   Defendants, U.S. Marshal Jane Does and Bureau of Prisons, Ms John-
son, are sued in their individual capacity as an officer in the
U.S. Marshal and Federal Bureau of Prisons, at the time of Plaintiff's
seizure, both woman(U.S. Marshal, District of Delaware) and (Federal
Detention Center, Philadelphia),.  Said Defendants maintained offices
as mentioned herein. At all times relevant hereto, Defendants, Jane
Does, in her individual capacity acting within the scope and authority
of her position as an officer and/or agent was directly responsible
for the practices and procedures of the U.S. Marshal District of De-
laware, (she gave an ambigious Name Fraggy), including the policies
practices and procedures used on Plaintiff, Gbeke M. Awala, as more
particularly described herein.  Said Defendants, including Johnson,
directly participated in the perpetuation of the illegal practices
of racial profiling, misuse of name, excessive force and physical abus

11.

and malicious prosecution.

19. Defendants, BOP's Staff(Ethnic Group)(Spanish), Unknown to Plaintiff
    at this time, is sued in their individual capacity as Federal Bureau
    of Prisons, RND Division, in FDC Philadelphia, Pennsylvania, regularly
    conduct business, exercises the receiving and dispersing of inmates,
    uses the force of their authority under the color of federal law for
    the Bureau of Prisons, discarded the Plaintiff's body by use of force,
    slammed his back on the ground and and striking his belly disreputably.
    In fact, Plaintiff alleges that when he was returned by the U.S. Marshals
    upon complition of the criminal trial.  The alleged Defendants were
    making a full disclosure to fellow-inmates and other Staff members and
    speaking out their various participation, and thus, commonly participated
    in protecting Judicial interest. "You see Awala, you gotta go to court
    men, the Judge ordered your body you gotta be there men...so are you
    gonna go to court now..he laughs, they laugh, he was fucked up, we tore
    him up.  Dated January 2006. Embarrasing Plaintiff creating Gestures.

### UNITED STATES CONSTITUTIONAL CLAIMS

20. Defendants above-mentioned, in their individual capacities and under
    color of Federal law, arrested and seized Plaintiff, Gbeke M. Awala,
    as a direct result of "gratuitous violent shove", "split second assult,"
    such acts including excessive force and physical abuse, and omissions of
    said defendants violated rights, privileges and immunities secured to
    Plaintiff under the Fourth, Fifth, Eight, Ninth and Fourteenth Amendments
    to the United States Constitution, and 42 U.S.C. 1981, 1982, 1983 and
    1985, and constitute cruel and unusual punishment.

21. Defendants, with knowledge of Plaintiff's rights, acted or failed to
    act in such a manner as to protect siad rights by reasonably and objec-
    tively judging if situation warrants to make split-second attack on

12.

Plaintiff, he allegedly received a violent shove which failed the
bounds of the Defendant's submission to the use of excessive force,
in totality of circumstances, a reasonable officer would have ass-
ess the situation and find absence any motive to use excessive force
and physical abuse under the substantive due process and the Fourth
Amendment, as a result of those acts. Such acts and omissions of the
Defendants violated rights, privileges and immunities secured to Pl-
aintiff under the Fourth, Fifth, Eight, Ninth and Fourteenth Amend-
ments to the United States Constitution, and 42 U.S.C. Sections 1981,
1982, 1983 and 1985.

22. Defendants, with knowledge of Plaintiff's rights, had then and continue
to have a duty under the Fourth, Fifth, Ninth and Fourteenth Amendments
to the United States Constitution, and 42 U.S.C. Section 1981, 1982, 1983
and 1985 to not seize Plaintiff as a result of the excessive force and
Physical abuse and to act in conformity with the standards for the
proper arrest and seizure and reasonable pretrial transportation or writ,
from Philadelphia, Pennsylvania through to State of delaware.

23. Defendants' with knowledge of Plaintiff's rights and/or with deliberate
indifference to said rights, acted or failed to act in such a manner as
to properly receive asking in conformity with the standards of such as
a whole and have, in  fact, stopped and reasonably used a legal and ethi-
cal or professional judgment, instead of the "Thugish conducts, " there-
on, they depended on the "gratuitously violent shove", while not meeting
the well settled standard, thus endangering Plaintiff's health and well-
being and subjecting him to cruel and unusual punishment in violation
of rights, privileges and immunities secured to Plaintiff under the
Fourth, Fifth, Eight, Ninth and Fourteenth Amendments to the, condition
that includes, an equal protection of law, and 42 U.S.C. Sections, 1981,

13.

1982, 1983 and 1985, to the U.S. Constitution.

23. Defendants, with knowledge of Plaintiff's rights, and knowing also
the inadequacies and deficiencies in their policy to make "split-
second judgments" about the force a particular situation warrants,
in circumstances that are tense, uncertain, and rapidly evolving, as
used  against the Plaintiff was unnecessary in---peace of judge's
chambers, and even if, was necessary here, it was done under malice,
unreasonableness, unlawfully, the motive was already premeditated,
the letter from the court position the intent, at the scene the
facts elicited from the Agents proffer proof, after some pretrial
issues essential to Awala's claim of excessive force claim, it is
undisputable whether the Agent Anderson's method showing the "grat-
uitous violent shove," was persuaded having found that the Plaintiff
had a dispute previously in light of the celebration against him criminal
trial, the Defendants responses evident a fully instructed  retaliation
and influence from judicial segment and of the Supervisor Agent Danny
of the U.S. District Court, for the District of Delaware, though unnamed
herein as Defendant also deprived the Plaintiff Medical attendance while
placed in holding cell, all had a duty under the Fourth Amendment, Fifth
Eight, Ninth and Fourteenth Amends..to the U.S. Constitution, and 42
U.S.C. Sections 1981, 1982, 1983 and 1985 to establish and implement
policies, practices and procedures designed to assure that Plaintiff
was treated in an appropriate way in conformity with the proper method
of U.S. Marshal duties transporting accused for trial as a whole, as
formulated by the Headquarters in Washington D.C.

24. Defendants, knowing of the Constitutional rights of Plaintiff, and with
deliberate indifference to said rights, had failed to establish and im-
plement policies, practices and procedures designed to assure that Plain-

14.

tiff was in the proper and adequate standards treated or have adop-
ted policies, practices and procedures which had been promulgated by
the U.S. Marshal Service from Washington D.C., which Defendant knew, or
reasonably should have known, would be effective in initiating the proper
implementation on writ used against Mr. Awala(Plaintiff), that are requi-
red under the law in conformity with his rights, privileges and immunities
secured to him under the Fourth, Fifth, Eight, Ninth, Fourteenth Amendm-
ents to the United States Constitution, and 42 U.S.C. Sections 1981,1982
and 1983 and 1985.

25. Defendants, Anderson, Keit, (Jane Does-Fraggy), and Ms Johnson, all
other known and unknown, defendants, totalling 9 individuals, knowing
the rights of Plaintiff, or with deliberate indifference to such rights,
failed to receive training of the U.S. Marshals and Bureau of Prisons,
under the oversight of the U.S. Marshals Office and BOP Offices in D.C's,
in such a manner as to assure the proper treatment of Plaintiff which
is consistent with the standards of proper arrest practices and procedures
as a whole, thus endangering Plaintiff's health and well-beign and sub-
jecting him to cruel and unusual treatment or punishment, in violation of
his rights, privileges and immunities secured to Plaintiff and members
of Plaintiff's class by the Fourth, Fifth, Eight, Ninth and Fourteenth
Amendments to the United States Constitution, and 42 U.S.C. Section
1981, 1982, 1983, an 1985.

26. Defendants' above-mentioned actions and/or omissions were gross negligent
and/or reckless and/or intentional.

27. Defendants' above-mentioned actions and/or omissions were committed
under color of federal law and/or pursuant to policies, customs, prac-
tices, rules, regulations, ordinances, statutes and/or usage of the
Constitutional laws of the United States, thus, deprived Plaintiff

15.

of a right secured by the Constitution under Bivens and the alleged deprivation was caused by the above-mentioned officials and/or defendants under color of federal laws.

28. Defendants' above-mentioned actions and/or omissions violated the relevant safety reading protection against suit and whether Officers deliberateness on fatal conducts and future dangerous" force to make split-second judgments about the force in a particular situation, the very said action in question need not to have unlawfuly protected on previous causations, from officers acting as they did in the case in chief to receive immune from suit. Plaintiff should defeat qualified immunity, the Defendants conducted a forcibly seizure and the Plaintiff is asserting a claim for money damages, the undisputed merits made it possible to determine as a matter of law that there had been no intense, uncertain and/or exigent circumstances warranting use of excessive force and physical abuse to slim down the health and wellbeign of the Plaintiff in light of facts and circumstances confronting them. Thus, the Agents and/or defendants are not entitled to qualified immunity for their actions under Harlow v. Ftzgerald, (1982) 457 US 800, 73 L. Ed 2d 396, 102 S Ct 2727(since the right he was alleged to have violated--the right of persons to be protected from warrantless searches of their homes unless the searching officers have probable cause and there are exigent circumstances was clearly establish). Here, the defendants will be held or should be held liable for their actions , if their alleged conduct is founded to be lacking in light of clearly established facts from the site of the celebration and placing Awala herein Plaintiff in Van there is clear proof that Awala was not resisting officers nor refused to obey orders, the excessive force under Graham's supposes a trier of facts could have found that in this case Agent Anderson et al observation in the absence of any necessary showing of intense, tense or exigent circumstances rest upon the test whether the conduct was unlawful, nevertheless, the court should be

16.

28. persuaded in taking testimonies mitigating the Plaintiffs attempt
showing of the use of excessive force and physical abuse against him,
the Courts incomplete Orders dated. March 16, 2006, at Wilmington
Delaware, based upon the Plaintiff "threshold questions," under
Rule 59(e). Although, the court assumed a constitutional violation
could have occured, nothwithstanding, the courts reluctance directly
to charge Anderson et al, specifically, that Anderson himself, and
not only Keit, pushed and shoved the plaintiff, including stomping
him with his giant legs with a mountained timber--shoes underneath his
large legs on the face and thereafter knelt over the plaintiff caus-
ing him internal fractured and broken ribs and internal bleeding, as
an exhibit to the complaint. The plaintiff site the Videotapes of
the episode presented in advance for Discovery to this complaint.

   In Summation, As lower courts dealing with excessive force cases
on the ground have recognized, however, this Court(Hon. Kent Jordan)'
decisions should invoke "the same 'objectively reasonable' standard in the
describing both the constitutional test of liability, to maintain uni-
form rule. See Graham, 490 U.S.., at 397, and the...standard for quali-
fied immunity. See also Anderson v. Creighton, 483 U.S. 635, 639,
(1987)). Roy, 42 F.3d, at 695; see Street v. Parham, 929 F.2d 537, 540
(CA10 1991)(describing excessive force case as one "where the determina-
tion of liability and the availability of qualified immunity depend on
the same findings"). As these courts further constructs, an officer
who uses force that is objectively reasonable "in light of the facts
and circumstances confronting [him], " Graham, 490 U.S. at 397, simul-
taneously meets the standards for qualified immunity, set in Graham
for a decision on the merits in his favor. Conversely, an officer
whose conduct is objectively unreasonable under Graham should find no
shelter under a sequential qualified immunity test.

17.

28.         Plaintiff Gbeke Michael Awala, is a Pro Se litigant, thus
cried out and pray that this court would accomodate his excessive
force claim taking into consideration precedents that have pre-
ordaned the faith in this case such as the court in Graham, likewise
as plaintiff reasonably reasoned that the court should agree with
him on the merit of his assertion that Anderson et al herein, should
be defeated and the court should find no shelter under a sequential qua+i
lified immunity. See also Joseph v. Patterson, 795 F.2d 549 (6th
Cir. 1986) at 554 n. 3, "the supreme Court has specified that in con-
ducting immunity analysis pursuant to the foregoing common law prin-
ciples and public policy considerations 'immunity analysis rests on
Functional categories, not on the status of the defendant," Briscoe,
460 U.S. at 342, 103 S.Ct. at 1119; see Malley v. Briggs, ---US.---,
106 S.Ct. 1092, 1094, 89 L.Ed.2d 271 (1986)(Law enforcement officer
who obtained a warrant based on allegations in affidavit found not
to establish probable cause was not entitled to absolute immunity);
Cleavinger v. Saxner, ---U.S.---, 106 S.Ct. 496, 501-04, 88 Led.2d 507
(1985)(Prison officials are not entitled to absolute immunity); Mitchell
v. Forsyth, --US--, 105 S.Ct 2806, 2813, 86 L.Ed.2d 411 (1985)(US.
Attorney General not absolutely immune for unconstitutional conduct
in pursuit of his nationwide security functions) .

        More, so if we put in the reasonable construction on allegation
in pursuit to establish absolute immunity principles such invitation
cannot vigorously suppress Awala's means to defeat the defendants ini-
tiation to be safely pretected under absolute immunity, the acts and/or
omissions were commited against the plaintiff and plaintiff suffered
damages, accordingly immunity rest on functional duties not based on
the status of the defendants id. Briscoe, whether one defendant is a U.S.
Marshal and others are under Bureau of Prisons, status is irrelevant and

28.   whether Agent Anderson and Agent Keit or Agent Fraggy, are attached
to the U.S. District Court does not places them in higher currative
acre than the other BOP Staff whom are also Defendants for the unconstit
tional conduct above all their actions were performed knowingly,
intentionally and maliciously under the color of Federal Law and/or
rules of the courts, statutes/pursuant to policies, customs, practices,
regulations, ordinances, it all fall within the functional catego-
ries immunity analysis has specified in conducting immunity analysis,
and as I drive this issue to the doorpost so until the Court deter-
mines the assessment whether Anderson et al, as in the Court in And-
erson reasoned: "Law enforcement officers whose judgments in making
these difficult determinations whether particular searches or seizures
comport with the Fourth Amendment are objectively legally reasonable
should no more be held personally liable in damages than should official
making analogous determinations in other areas of law.   483 U.S. at
644 (emphasis added)." The plaintiff's own argument is corresponding
to the above particular case, I remain in dignity that Anderson in
Awala have had no difficulty that causes him to employ exigent or
"split-second judgment, the objectively reasonable conduct in his
favor is defeated, he personally use his official status evolving
his colo of law functions made analogous determination and therefrom
injured the Plaintiff, qualified or absolute immunity is not extended
to his regards and public policy is not supportive from unfounded
objective necessity to justify unconstitutional treatment.

IN JURY IN FACT: The Plaintiff allegation is sufficient to satisfy
the standing requirement that a Plaintiff show "injury in fact". See
Valley Forge Christian Coll v. Americans United, 454 U.S. 464, 485-87
(1982).   The court must "accept as true factual allegations in the
complaint and all reasonable inferences that can be drawn therefrom."

19.

28.   Nami. v. Fauver, 82 F.3d F.3d 63, 65 (3d Cir. 1996).

29.   As a direct and proximate result of the above-described actions and
      omissions of Defendants, Plaintiff has suffered general damages in
      an amount in excess of One Million Dollars($1,000,000.00), exclusive
      of interest and costs, the exact amounts of which will be proven at
      trial.

30.   Defendants' above-mentioned actions and/or omissions were committed
      under color of federal law and/or pursuant to policies, customs, prac-
      tices, rules, regulations, ordinances, statutes, and/or usages of the
      United States Constitution.

31.   The acts, conduct, and behavior of Defendants, and each of them, were
      performed knowingly, intentionally, and maliciously, by reason of
      which Plaintiff is also entitled to an award of punitive damages in an
      amount in excess of One Hundred Thousand Dollars($100,000.00) each.

      WHEREFORE, Plaintiff prays for relief as follows:

      1.   That the Court determine and enter judgment declaring that the
           acts and omissions of Defendants, as set forth above, violate
           rights secured to Plaintiff by the Fourth, Fifth, Eight, Ninth
           and Fourteenth Amendments to the United States Constitution, and
           42 U.S.C. Sections 1981, 1982, 1983 and 1985.

      2.   That the Court award general damages to Plaintiff in excess of
           One Million Dollars ($1,000,000.00);

      3.   That the Court award punitive damages to Plaintiff in an amount
           in excess of One Hundred Thousand($100,000.00) each;

      4.   That Defendants be required to pay legal costs and expenses in this
           action, including reasonable provisions for Plaintiff's Pro Se or
           attorney's if employed one.

      5.   That the Court grant such further and additional relief that it

                                   20.

6.    That the Court afford the Plaintiff a New Criminal Trial.

7.    That the Court following the priciples under <u>Clinton vs. Jones</u>
      (1997) 137 L Ed 2d 945.  This case is a private action for ci-
      vil damages in which, as the District Court may found in <u>Heck</u>,
      it is possible to preserve evidence herein and which delay not
      favoring the Plaintiff will be construed a abuse of Discretion.

8.    That the Court the Plaintfte abiity to trial in its Civil Case

9.    That the criminal indictment/prosecution and conviction against
      Plaintiff be resolved in his favor when the conviction is vacated.

10.   That the Defendants prison guards ere relevant to this case not
      on respondent supervisory theory with respect to furure dangerous-
      ness because the Plaintiff wins the case as showing that the Def-
      endants might procure assault.

11.   That the Court grant such further and additional relief that it
      deems appropriate.

Dated. 4/14/, 2006.

cc: Hon. Kent A Jordan.
    U.S. District Judge
         District of delaware.

<u>GBEKE MICHAEL AWALA</u>
No. 82074-054
Pro Se, Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff, Gbeke Michael Awala, undersigned, demands a trial by
jury as to all issues so triable in this action.

Dated. 4/14/, 2006.

Gbeke Michael Awala
No 82074-054
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105.

# EXHIBIT 8

**FDC PHILADELPHIA PHARMACY**   (215) 521-4000
700 ARCH STREET - PHILADELPHIA, PA  19106
87538      A. ZORRILLA          03/06/06
AWALA, GBEKE                    82074-054
FDC PHILADELPHIA HOUSING - F03-617U
**TAKE ONE TABLET TWICE DAILY**



**TAKE WITH
FOOD OR MILK**

**NAPROXEN 500 MG TAB**                    #30
(1)Refills      03/06/2006    RD    RxExp 04/04/06
        CAUTION: Federal/State law prohibits transfer of this drug
        to any person other than patient for whom prescribed.

## CERTIFICATE FOR INSTITUTIONAL LITIGANT

I certify that this document was given to prison officials on _4/14/_, 2006, by _Gbeke M. Awala_ for forwarding to _U.S.D.C. District of Delaware_

I certify under penalty of perjury that the foregoing is true and correct pursuant to Title 28 U.S.C. § 1746.

Dated. _4/14/_, 2006.


Respectfully submitted,


Gbeke Michael Awala, Pro Se
No. 82074-054
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19106


1-1



Gbeke M. Awala
No. 82074-054
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105

legal Mail

Honorable Kent A Jordan
United States District Court
for the District of Delaware
844 N. King St
Lockbox 10
Wilmington, DE 19801